IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ANTHONY A. WHITEHURST,           §
                                 §
            Petitioner,          §
                                 §
v.                               §          CIVIL ACTION NO. H-08-2473
                                 §
BECKY BURKS, Chief Probation     §
Officer,                         §
                                 §
            Respondent.          §

## MEMORANDUM OPINION AND ORDER

Petitioner, Anthony A. Whitehurst, a federal offender serving a term of supervised release under the supervision of respondent, Becky Burks, Chief Probation Officer for the Southern District of Texas, is seeking a Writ of Habeas Corpus (Docket Entry No. 1). Pending before the court are the Government's Response to Application for Writ of Habeas Corpus and Motion for Summary Judgment (Docket Entry No. 9), petitioner's Motion Seeking Leave to File Amendment (Docket Entry No. 14), Part One of Two of Petitioner's Motion in Opposition to the Government's Response & Motion for Summary Judgment (Docket Entry No. 15), and Part Two of Two of Petitioner's Motion in Opposition to the Government's Response & Motion for Summary Judgment (Docket Entry No. 16). For the reasons stated below, the Government's Motion for Summary Judgment will be granted, Whitehurst's motion to amend will be

denied, and Whitehurst's application for writ of habeas corpus will be denied.

## I.  Factual and Procedural Background

### A.  Factual Background

On July 8, 1994, Whitehurst was arrested by state authorities for a state drug offense.[1]  On July 20, 1994, a four-count federal indictment was returned against Whitehurst arising from the events that lead to his arrest on July 8, 1994.[2]  On August 1, 1994, the State of Texas issued a warrant for Whitehurst's arrest for a state parole violation that was executed on August 2, 1994.[3]   On October 18, 1994, the Texas Board of Pardons and Parole issued a Proclamation of Revocation, revoking  Whitehurst's state parole, effective August 2, 1994.[4]

On August 1, 1994, the United States filed a Petition for a Writ of Habeas Corpus Ad Prosequendum as to Whitehurst, which was

---

[1]See Declaration of Duane King, Appendix attached to Government's Response to Application for Writ of Habeas Corpus and Motion for Summary Judgment, Docket Entry No. 9, p. 3 ¶ 8 and Attachment A ¶ 9 and Attachment B attached thereto.

[2]Id.  See also Writ of Habeas Corpus, Docket Entry No. 1, p. 2 ¶ 1, and Docket List for United States v. Whitehurst, Criminal Case Number 1:94cr96, Exhibit B attached thereto.

[3]See Declaration of Duane King, Appendix attached to Government's Response to Application for Writ of Habeas Corpus and Motion for Summary Judgment, Docket Entry No. 9, p. 3 ¶ 9 and Attachments G and H attached thereto.

[4]Id. and Attachments J and L thereto.

granted by a court order entered on August 2, 1994.[5]  Pursuant to the writ of habeas corpus ad prosequendum, the United States Marshals Service produced Whitehurst for his initial appearance before a United States Magistrate Judge on August 8, 1994.[6]  On November 22, 1994, Whitehurst was convicted of unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) and two counts of unlawful possession of a controlled substance in violation of 21 U.S.C. § 841(a)(1)(B).[7]  On May 10, 1995, the federal district court sentenced Whitehurst to serve concurrent 120-month terms of imprisonment in the custody of the United States Bureau of Prisons (BOP) to be followed by concurrent terms of supervised release totaling 8 years.[8]  At Whitehurst's sentencing, the court asked if Whitehurst had been in the custody of the state or the federal court, to which both the prosecutor,

---

[5]Docket List for United States v. Whitehurst, Criminal Case Number 1:94cr96, Exhibit B attached to Writ of Habeas Corpus, Docket Entry No. 1, Docket Entry Nos. 7 and 9.

[6]Id. (unnumbered Docket Entry for 8/8/94).  See also Writ of Habeas Corpus, Docket Entry No. 1, p. 2 ¶¶ 2-3.

[7]Writ of Habeas Corpus, Docket Entry No. 1, p. 2 at ¶ 4.  See also Presentence Investigation Report (PSR) prepared in Criminal Case No. 1:94-cr-96-TH-1, Attachment A to Declaration of Duane King, Appendix A attached to Government's Response to Application for Writ of Habeas Corpus and Motion for Summary Judgment, Docket Entry No. 9, ¶¶ 1-4.

[8]Writ of Habeas Corpus, Docket Entry No. 1, p. 2 ¶ 5.  See also Judgment in a Criminal Case, Case Number 1:94-cr-96-1, Attachment K to to Declaration of Duane King, Appendix A attached to Government's Response to Application  for Writ of Habeas Corpus and Motion for Summary Judgment, Docket Entry No. 9, pp. 2-3 and 5.

-3-

Mr. Stevens, and the defense attorney, Mr. Sherman, responded that Whitehurst had been in both state and federal custody.   The court then told Whitehurst:

> Then you will receive credit for the days that you have been in the custody of the United States Marshals when they delivered you from state custody.
>
> The sentence imposed in this case will run consecutive to any state prison time that you still owe this state and the state of Alabama, then you will begin this sentence.
>
> You're remanded to the custody of the United States Marshal for return to the Texas Department of Corrections.[9]

The district court's written judgment stated that "the term of imprisonment imposed by this judgment shall run consecutively to the defendant's imprisonment under any previous state or federal sentence.   The defendant is remanded to the custody of the United States Marshal."[10]   On December 21, 1995, Whitehurst was delivered to the Texas Department of Corrections to satisfy an outstanding state sentence.[11]   On February 5, 1996, the United States Court of Appeals for the Fifth Circuit affirmed Whitehurst's federal convictions and sentences.   See <u>United States</u>

---

[9]Excerpt from Transcript of Sentencing before the Honorable Howell Cobb, United States District Judge, May, 10, 1995, Exhibit A attached to Writ of Habeas Corpus, Docket Entry No. 1, p. 113 lines 12-19.

[10]<u>See also</u> Judgment in a Criminal Case, Case Number 1:94-cr-96-1, Attachment K to Declaration of Duane King, Appendix A attached to Government's Response to Application for Writ of Habeas Corpus and Motion for Summary Judgment, Docket Entry No. 9, p. 2.

[11]Writ of Habeas Corpus, Docket Entry No. 1, p. 3 ¶ 8.

v. Whitehurst, 79 F.3d 1143 (5th Cir. 1996) (Table).  On March 27,
1997, Whitehurst was released by the State of Texas into the
custody of the BOP.[12]  In 2002 Whitehurst began to realize that the
BOP was not correctly calculating his time served, and in 2003
Whitehurst "made his first oral and written challenge for the
calculation."[13]  On February 3, 2006, Whitehurst was released from
BOP custody to begin serving his 8-year term of supervised
release.[14]  In November of 2007 Whitehurst's supervised release was
transferred from the Eastern District of Texas to the Southern
District of Texas.[15]

**B.   Procedural Background**

        Whitehurst states that he

        seeks a writ [of habeas corpus] based on the directions
        of the United States Court of Appeals, Fifth Circuit
        Court, to satisfy the requirements of Heck vs. Humphrey,
        [114 S.Ct. 2364 (1994)], by calling into question the
        duration of his imprisonment.  Petitioner thus seeks a
        writ indicating that his duration of imprisonment within
        the United States Federal Bureau of Prison was excessive
        when the B.O.P. forced him to serve his sentence without
        the calculation of the time credits ordered by the
        District Court Sentencing Judge.[16]

        This action represents at least the third attempt by
Whitehurst to secure credit for time served that he contends the

---

[12]Id. at ¶ 9.

[13]Id. at ¶ 10.

[14]Id. at ¶ 13.

[15]Id. at ¶ 14.

[16]Id. at 1.

BOP erroneously failed to credit him and thereby caused him to serve an excessively long term of imprisonment.  In 2006 Whitehurst brought suit seeking credit for time served in both the Southern and the Western Districts of Texas.  See Whitehurst v. Jones, 278 Fed. Appx. 362 (5th Cir. 2008) (per curiam) (appeal from dismissal of suit brought in the Southern District of Texas, Case Number 2:06-CV-150), and Whitehurst v. Valdez, 290 Fed. Appx. 764 (5th Cir. 2008) (per curiam) (appeal from dismissal of suit brought in the Western District of Texas, Case Number 1:06-CV-535).

In Whitehurst v. Valdez, Whitehurst brought suit against

officials of the Texas Department of Criminal Justice for failing to properly calculate his time-served in various forms of state custody, leading to (a) his having remained in Texas prison longer than necessary and (b) the Federal Bureau of Prisons' miscalculation of his subsequent federal release date.  The district court held alternatively that Whitehurst's complaint was time barred under the Texas limitations period applicable to a § 1983 suit, or that the individual defendants were entitled to immunity because they were not responsible for the miscalculations that harmed Whitehurst.

290 Fed. Appx. at *765.  Finding no reversible error in the district court's opinion, the Fifth Circuit affirmed the judgment of dismissal.  Id.

In Whitehurst v. Jones, Whitehurst brought suit pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 91 S.Ct. 1999 (1971), against BOP Inmate System Management employee Doris Jones at FCI Three Rivers for detaining him past an accurately calculated release date and against other BOP officials

-6-

for preventing him from exhausting his administrative remedies. The district court dismissed Whitehurst's claims as time barred. Citing <u>Heck v. Humphrey</u>, 114 S.Ct. 2364 (1994), the Fifth Circuit observed that

> Whitehurst cannot bring his <u>Bivens</u> action for damages until his conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid . . . or called into question by a federal court's issuance of a writ of habeas corpus." . . . Accordingly, Whitehurst must exhaust his habeas remedies and obtain relief on his claim concerning his illegal detention prior to filing his <u>Bivens</u> actions. . . .
>
> Because Whitehurst must obtain an order invalidating his illegal detention prior to bringing his <u>Bivens</u> action, his <u>Bivens</u> action does not accrue until he receives such an invalidation.  <u>Stephenson v. Reno</u>, 28 F.3d 26, 27-28 (5th Cir. 1994).  Whitehurst's <u>Bivens</u> claims are therefore not time barred.  Although the district court erred in determining that Whitehurst's action was time barred, the district court's decision to dismiss the lawsuit can be affirmed on alternative grounds because <u>Heck</u> bars Whitehurst from bringing his <u>Bivens</u> action prior to obtaining an order invalidating his illegal detention.

278 Fed. Appx. at *363-*364.[17]  The Fifth Circuit's determination that Whitehurst had prematurely filed his <u>Bivens</u> suit against Jones without having exhausted his habeas remedies prompted Whitehurst to file the current action in which he alleges

> [a]bsent the time credits ordered by the Federal Sentencing Judge the Federal B.O.P. determined Petitioner's 18 USC § 3624 release date to be February 3, 2006.  However, had the time credits <u>already</u> ordered by the Federal Sentencing Judge been utilized in the calculation of credits by the Federal B.O.P. then

---

[17]<u>Id.</u> at 3 ¶ 11.

Petitioner's release date would have been in approximately April 2004 instead of February 2006.[18]

## II.  **Jurisdiction**

Invoking the court's jurisdiction under 28 U.S.C. § 2241, Whitehurst "seeks a writ indicating that his duration of imprisonment within the United States Federal Bureau of Prison was excessive when the B.O.P. forced him to serve his sentence without the calculation of the time credits ordered by the District Court Sentencing Judge."[19]   A petition pursuant to 28 U.S.C. § 2241 provides the appropriate vehicle for a prisoner to attack "the manner in which a sentence is carried out or the prison authorities' determination of its duration, and [the petition] must be filed in the same district where the prisoner is incarcerated." Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000).  Under the explicit terms of the statute, relief is available only for persons who are "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).

Although Whitehurst is now serving a term of supervised release, he remains in custody for habeas purposes.  See Ojo v. INS, 106 F.3d 680, 681 n.2 (5th Cir. 1997).  "In this case, the possibility that the . . . court may alter [Whitehurst's] period of supervised release . . . if it determines that he has served excess

---

[18]Id. at 4 ¶ 13.

[19]Id. at 1.

-8-

prison time, prevents [his] petition from being moot." Johnson v. Pettiford, 442 F.3d 917, 918 (5th Cir. 2006) (quoting United States v. Johnson, 120 S.Ct. 1114, (2000)).  This is so because a district court may alter the period of supervised release if it determines that the petitioner has served excess prison time.  Id.[20]  The relevant statutes and rules for modification of supervised release are directed toward the sentencing court or the court conferred with jurisdiction over the prisoner's term of supervised release. Since Whitehurst's supervised release was transferred to this court from the Eastern District of Texas in November of 2007, jurisdiction over his term of supervised release lies here.[21]  See 18 U.S.C. § 3605 (providing in pertinent part, "a court to which jurisdiction is transferred under this section is authorized to exercise all powers over the probationer or release that are permitted by this subchapter or subchapter B or D of chapter 227.").  See also 18 U.S.C. §§ 3583, 3601; Fed. R. Cr. P. 32.1.

### III.  Respondent's Motion for Summary Judgment

Respondent argues that she is entitled to summary judgment because the BOP correctly computed Whitehurst's credit for time

---

[20]See Government's Response to Application for Writ of Habeas Corpus and Motion for Summary Judgment, Docket Entry No. 9, p. 7 (recognizing that "the only issue that remains ripe for adjudication is whether Whitehurst is entitled to reduction in his term of supervised release because he was incarcerated beyond the proper extension of his prison term").

[21]Writ of Habeas Corpus, Docket Entry No. 1, p. 4 at ¶ 14.

served.[22]  Whitehurst argues that the respondent is not entitled to summary judgment because

> according to the Judge's ORAL PRONOUNCEMENT at sentencing . . . [he] is to receive credit for the days while in the custody of the U.S. Marshals, and remanded in their custody for return to the Texas Department of Corrections, which can only be accomplished by the Federal B.O.P. complying with Title 18 USC § 3621(b)(4)(A) & (B) of designating the Jefferson County, Texas jail as a place in which [he] is to serve a portion of his federal sentence.[23]

For the reasons explained below, the court concludes that Whitehurst's argument has no merit.

**A.  Standard of Review**

Rule 56 of the Federal Rules of Civil Procedure applies to federal habeas corpus cases.  See Clark v. Johnson, 202 F.3d 760, 764 (5th Cir. 2000), cert. denied, 121 S.Ct. 84 (2000).  A party seeking summary judgment "bears the initial burden of 'informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact.'"  Taita Chemical Co., Ltd. v. Westlake Styrene Corp., 246 F.3d 377, 385 (5th Cir. 2001) (quoting Celotex Corp. v. Catrett, 106 S.Ct. 2548, 2553 (1986)).  See also Fed. R. Civ. P. 56.  Once the movant presents a properly supported motion, "[t]he burden shifts to the nonmoving party to establish the existence of a genuine issue for trial."  Id.

---

[22]Government's Response to Application for Writ of Habeas Corpus and Motion for Summary Judgment, Docket Entry No. 9, p. 12.

[23]Writ of Habeas Corpus, Docket Entry No. 1, p. 5.

**B.    Analysis**

    1.    <u>Respondent's Argument</u>

    Citing 18 U.S.C. § 3585 and the declarations of Duane King and Charley Valdez, the respondent argues that Whitehurst is not entitled to credit against his 120-month federal sentence for the period from August 8, 1994, to December 21, 1995, because Whitehurst's federal sentence did not begin until March 27, 1997, when he was released from state custody to begin his federal sentence, and because Whitehurst received credit on his state sentence for the period at issue.

    (a)   Applicable Law

    Title 18 of the United States Code, Section 3585 provides:

**(a)   Commencement of sentence.**--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

**(b)   Credit for prior custody.**--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--

    (1) as a result of the offense for which the sentence was imposed; or

    (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

    Pursuant to 18 U.S.C. § 3585(a) time served on a federal sentence does not commence until the defendant is delivered to

federal authorities for service of the sentence.  See Blackshear v. United States, 434 F.2d 58, 59 (5th Cir. 1970) (per curiam) (explaining that a petitioner seeking credit towards a federal sentence for time spent in state custody "could not be received by the federal authorities for service of his federal sentence until he was released by the [state] authorities").  Pursuant to 18 U.S.C. § 3585(b) defendants are given credit toward terms of federal imprisonment for any time spent in official detention after the commission of the offense at issue and prior to commencement of a federal sentence "that has not been credited against another sentence."  See United States v. Wilson, 112 S.Ct. 1351, 1354-55 (1992) (holding that § 3585(b) does not authorize a district court to compute credit for time spent in official detention at sentencing, but that credit awards are to be made by the Attorney General, through the BOP after sentencing).  In Wilson, 112 S.Ct. at 1355, the Supreme Court explained that

> [a]fter a District Court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence.  See 18 U.S.C. § 3621(a) ("A person who has been sentenced to a term of imprisonment . . . shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed").  To fulfill this duty, the BOP must know how much of the sentence the offender has left to serve.  Because the offender has a right to certain jail-time credit under § 3585(b), and because the district court cannot determine the amount of credit at sentencing [because federal defendants do not always begin to serve their sentences immediately], the Attorney General has no choice but to make the determination as an administrative matter when imprisoning the defendant.

Federal prisoners may seek administrative review of the computations of their credit, 28 C.F.R. §§ 542.10-542.16, and once they have exhausted their administrative remedies, they may pursue judicial review of these computations. See United States v. Dowling, 962 F.2d 390 (5th Cir. 1992).[24]

(b)   BOP's Application of the Law to the Facts

According to the King declaration:

8.  On July 8, 1994, Whitehurst was arrested by state authorities in Beaumont, Texas based on a state drug offense. See Attachment B and Attachment A, ¶ 9. The circumstances resulting in his arrest also resulted in the instant federal offense of Possession with Intent to Distribute a Controlled Substance, as identified in count four of the federal indictment. See Attachment A.

9.  Whitehurst remained in custody, and on August 1, 1994, the State of Texas issued a warrant for his arrest based on a violation of state parole supervision. See Attachment G . . . On October 18, 1994, the Texas Board of Pardons and Paroles issued a Proclamation of Revocation, revoking Whitehurst's state parole, effective August 2, 1994, with credit of 497 days for time spent in confinement in conjunction with previously issued parole revocation warrants. Id., see also Attachment L -- true and correct copy of letter from Texas Department of Criminal Justice, dated September 27, 2006. This 497 days of credit is considered to be inclusive of the time

_____

[24]The requirement that a federal prisoner exhaust administrative remedies before filing a habeas corpus petition under 28 U.S.C. § 2241 challenging any circumstances of imprisonment is judicially created. Section 2241 contains no statutory exhaustion requirement. Therefore, a court can deny a § 2241 habeas corpus petition on the merits without reviewing the exhaustion question. See United States v. Eccleston, 521 F.3d 1249, 1253 (10th Cir.), cert. denied, 129 S.Ct. 430 (2008) (recognizing that a court may deny an application for writ of habeas corpus on the merits without reviewing the exhaustion question).

Whitehurst [spent] in custody on the Texas parole revocation warrant executed September 10, 1993, and withdrawn January 7, 1994.

10. Beginning on August 8, 1994, and continuing to May 10, 1995, Whitehurst was borrowed on numerous occasions by federal authorities from state custody pursuant to federal writs of habeas corpus ad prosequendum. On May 10, 1995, Whitehurst was sentenced in federal court to a 120-month term of imprisonment. See Attachment K -- true and correct copy of Judgment in a Criminal Case, Case No. 1:94cr96-1. At the time of the sentencing, the Court ordered the sentence to be served consecutive to any previously imposed state term of imprisonment. Id. at p. 2. Because sate authorities maintained primary jurisdiction over Whitehurst, Federal authorities returned Whitehurst to state custody immediately after the sentencing. Upon satisfying the state parol revocation term on March 27, 1997, Whitehurst [was] released to the custody of federal authorities for service of his federal sentence.

. . .

13. . . . Because Whitehurst received credit toward his state sentence for time spent in state custody from September 10, 1993, through January 7, 1994, and because he was in service of his state parole revocation term from August 2, 1994, through March 26, 1997, none of this time is creditable toward his federal sentence. See Attachment L. However, Whitehurst is eligible for (and did receive) credit against his federal term for time spent in state custody on January 13, 1993; from September 8, 1993, through September 9, 1993; from January 8, 1994, through January 19, 1994; and from July 8, 1994, through August 1, 1994, as these periods of time represent the days Whitehurst spent in state custody that were not credited toward any other term of imprisonment.[25]

King's statements are supported in pertinent part by the

September 27, 2006, declaration of Charley Valdez, a member of the

state classification committee at the Texas Department of

_____

[25]Declaration of Duane King, Appendix attached to Government's Response to Application for Writ of Habeas Corpus and Motion for Summary Judgment, Docket Entry No. 9, pp. 3-6 ¶¶ 8-10 and 13.

Corrections.[26]  In pertinent part the Valdez declaration states that

Whitehurst

> returned to TDCJ physical custody on 12-21-95 from
> Jefferson County due to parole violation, and per the
> Board of Pardons and Paroles was given jail credit from
> 8-2-94 per warrant and showing that he had a hearing on
> 10-6-94.   On 3-18-97 the Parole Division sent the
> Classification and Records Office a corrected warrant to
> reflect an additional 497 days jail credit prior to
> 8-2-94.  This changed the in custody date from 8-2-94 to
> 3-20-93. . .
>
> On 4-6-05 this office received a calculations credit
> sheet from the Board of Pardons and Paroles with the
> following credits.  This represents jail credits for
> arrests from either Revocation Warrants or Pre-Revocation
> Warrants.  Credit from . . . 9-10-93 to 1-7-94, . . . and
> from 8-2-94, until his release on 3-27-97 to the Federal
> "Hold." . . . With this additional jail credit, this
> allowed the 12 year sentence to expire on 9-11-00,
> instead of 7-4-03, while offender was on mandatory
> supervision in federal custody.[27]

Respondent argues that the BOP correctly calculated the

duration of Whitehurst's federal sentence by commencing it on

March 27, 1997, the day he arrived in federal custody after having

been released by the State of Texas upon completion of his state

sentence, and by awarding him credit against his federal sentence

for days served in state custody that were not credited toward any

other sentence.[28]

---

[26]See Attachment L to Declaration of Duane King, Appendix
attached to Government's Response to Application for Writ of Habeas
Corpus and Motion for Summary Judgment, Docket Entry No. 9.

[27]Id.

[28]Government's Response to Application for Writ of Habeas
Corpus and Motion for Summary Judgment, Docket Entry No. 9, p. 12.

2.  <u>Whitehurst's Arguments</u>

Asserting that

. . . B.O.P. Staff "<u>DISREGARDED THE STATEMENTS OF THE
COURT</u>" that ordered for Mr. Whitehurst to receive credit
for the time period he's in the custody of the U.S.
Marshals; which custody lasted from 8/8/94 <u>within the
Jefferson County, Texas jail</u> until Mr. Whitehurst <u>was
returned to the Texas Department of Corrections on
12/21/95</u>,[29]

Whitehurst argues that

. . . the B.O.P.'s failure and refusal to calculate the
time credits <u>already</u> ordered by the Federal Sentencing
Judge . . . caused [his] duration in prison to be
excessive by these number of days [501] plus
[approximately 70 days] credits toward the service of the
sentence for satisfactory behavior for the [501] days
pursuant to 18 USC § 3624(b).[30]

Whitehurst's contention that the duration of his imprisonment

was excessive is based on the following oral pronouncements of the

sentencing court:

The Court:       You have the right to appeal the sentence
                 which has been imposed.

                 You have the right to make application to
                 file in forma pauperis.  If you make such
                 application, I will review the matter and
                 make the determination after I have
                 reviewed it.

                 You will receive credit -- Has he been in
                 state court custody or federal court
                 custody?

Mr. Sherman:     State, state and federal.

---

[29]Writ of Habeas Corpus, Docket Entry No. 1, p. 6.

[30]<u>Id.</u> at 6-7.

-16-

Mr. Stevens:    He's been in state custody except for the days he's brought here.

The Court:    Then you will receive credit for the days that you have been in the custody of the United States Marshals when they delivered you from state custody.

The sentence imposed in this case will run consecutive to any state prison time that you still owe this state and the state of Alabama, then you will begin this sentence.

You're remanded to the custody of the United States Marshal for return to the Texas Department of Corrections.[31]

    (a)    BOP's Calculation of Whitehurst's Federal Sentence

Whitehurst argues that he

was first received in the U.S. Marshal's custody on August 8, 1994 when they delivered him from the state, and he was remanded in the custody of the U.S. Marshals for return to the Texas Department of Corrections (TDC), and was received in TDC on December 21, 1995. The U.S. Marshals held Petitioner at the Jefferson County[] jail during this time period which should have been designated as a place to serve a portion of the federal sentence under § 3621 since it was ordered by the sentencing judge to be credited.[32]

Whitehurst explains that "we are not concerned here with the granting of a credit but rather with an increase in the term by

---

[31]Excerpt from Transcript of Sentencing before the Honorable Howell Cobb, United States District Judge, May 10, 1995, Exhibit A attached to Writ of Habeas Corpus, Docket Entry No. 1, p. 113 lines 1-22.

[32]Part One of Two of Petitioner's Motion in Opposition to the Government's Response & Motion for Summary Judgment, Docket Entry No. 15, p. 6.

simply refusing to designate the place of confinement pursuant to [18 U.S.C.] § 3621(b)(4)(A)(B)."  Whitehurst's argument that the BOP wrongfully increased his term of confinement by refusing to designate the Jefferson County Jail in which he was held while awaiting his return to the Texas Department of Corrections as a place of confinement for service of his federal sentence incorrectly presumes that he was in the primary jurisdiction of the federal as opposed to state authorities during the period from August 8, 1994, to December 21, 1995.

It is undisputed that Whitehurst was arrested by state authorities in July of 1994, and was delivered by the United States Marshals Service to federal court pursuant to a writ of habeas corpus ad prosequendum.  Neither production of a federal defendant from state custody pursuant to a writ of habeas corpus ad prosequendum nor imposition of a federal sentence as a result of that production deprives the state of primary jurisdiction over a prisoner.  See Causey v. Civiletti, 621 F.2d 691, 693 (5th Cir. 1980) ("A writ of habeas corpus ad prosequendum is only a 'loan' of the prisoner.").  The producing state retains primary jurisdiction over the prisoner, and federal custody does not commence until state authorities relinquish the prisoner upon satisfaction of the state obligation.  Id.  See also Blackshear, 434 F.2d at 59; United States v. Cole, 416 F.3d 894, 897 (8th Cir. 2005) (arresting sovereign retains primary jurisdiction unless it relinquishes it

by:   (1)  releasing  the  prisoner  on  bail;  (2)  dismissing  the
charges;  (3)  releasing  the  prisoner  on  parole;  or  (4)  the
expiration of the sentence).

In  Whitehurst's  case  the  BOP  did  not  wrongfully  fail  to
designate  the   Jefferson  County  Jail  as  a  facility  for  service  of
Whitehurst's federal sentence because the federal sentencing court
ordered  Whitehurst's  federal  sentence  to  run  consecutively  --  not
concurrently -- to his state sentence, and remanded Whitehurst to
the  United  States  Marshals  for  return  to  the  Texas  Department  of
Corrections.    Thus,  despite  the  fact  that  the  United  States
Marshals Service produced Whitehurst for his appearances in federal
court  pursuant  to  a  writ  of  habeas  corpus  ad  prosequendum,
Whitehurst remained in the primary custody of the State of Texas
until March 27, 1997, when the State of Texas released him to begin
serving  his  federal  sentence.    See  Causey,  621  F.2d  at  693;
Blackshear,  434  F.2d  at  59  ("time  served  on  [petitioner's]  federal
sentence  does  not  .  .  .  commence  to  run  until  such  time  as  he  is
released  by  the  State  .  .  .  and  delivered  to  the  federal
authorities").

The  Fifth  Circuit  has  held  that  a  defendant  is  not  entitled  to
credit  toward  a  federal  sentence  for  the  time  spent  in  federal
custody pursuant to a writ of habeas corpus ad prosequendum if the
defendant receives credit for that time on his state sentence.  See
Vignera v. Attorney General of the United States, 455 F.2d 637, 638

(5th Cir. 1972) (per curiam) (holding that the Fifth Circuit does "not require granting of credit where the prisoner has already received full credit for that time on his state sentence which was served prior to the federal sentence"). See also Rios v. Wiley, 201 F.3d 257, 275 (3d Cir. 2000) (disallowing double credits "because the prisoner is not in custody solely because of the pending federal charges, but instead is serving the prior state sentence"). The logic behind this rule is that the writ merely "loans" the prisoner to federal authorities, and the prisoner technically remains in state custody. See Rios, 201 F.3d at 275. Because it is undisputed that the federal sentencing court ordered Whitehurst's federal sentence to run consecutively -- not concurrently -- to his state sentence, and that Whitehurst received credit towards his state sentence for the period from August 8, 1994, to December 21, 1995, during which time he was in the custody of the United States Marshals Service pursuant to a writ of habeas corpus ad prosequendum, Whitehurst was not entitled to receive credit towards his federal sentence for this same period of time. See United States v. Dovalina, 711 F.2d 737, 740 (5th Cir. 1983); Dominguez v. Williamson, 251 F.3d 156 (5th Cir. 2001) (Table). Because the BOP was not permitted to credit towards Whitehurst's federal sentence time that had been credited towards his state sentence, the BOP's failure to include the period from August 8, 1994, to December 21, 1995, in the calculation of Whitehurst's sentence was not unlawful. See 18 U.S.C. § 3585(b).

-20-

(b)    Court-Ordered Credit Under U.S.S.G. § 5G1.3

Citing § 5G1.3(c) of the United States Sentencing Guidelines (U.S.S.G.), and <u>Rios v. Wiley</u>, 201 F.3d 257 (3d Cir. 2000), Whitehurst argues that he is entitled to credit towards his federal sentence for the time he served in the Jefferson County jail, <u>i.e.</u>, August 8, 1994, to December 21, 1995, because the sentencing court intended to adjust his sentence downward to award credit for time served in his unrelated state case.

The credit available under U.S.S.G. § 5G1.3 is a downward adjustment pursuant to which the sentencing judge imposes a lesser sentence to reflect credit for time served on an unrelated sentence.  <u>See</u> <u>United States v. Jones</u>, 233 F.Supp.2d 1067, 1076 (E.D. Wis. 2002).  In such a case the judge typically says:  "'I hereby adjust the defendant's federal sentence under § 5G1.3 so as to be fully concurrent with' his undischarged sentence."  <u>Id.</u> (quoting <u>Ruggiano v. Reish</u>, 307 F.3d 121, 124 (3d Cir. 2002)).  In <u>Rios</u>, 201 F.3d at 269-70 and 276, the credit was allowed based on the sentencing court's specific reference to credit for time served in accordance with U.S.S.G. § 5G1.3 in imposing a concurrent sentence.

The court is not persuaded that the oral pronouncements of the sentencing judge cited by Whitehurst support his argument that the BOP wrongfully failed to follow the sentencing court's order that he receive credit towards his federal sentence for the period from

-21-

August 8, 1994, to December 21, 1995, for three reasons.  First, Whitehurst's interpretation of the sentencing judge's oral statement that he would receive credit for time spent in the custody of the United States Marshals Service contradicts the sentencing court's express order that Whitehurst's federal sentence run consecutively -- i.e., not concurrently -- to any prison time that he owed to the State of Texas or the State of Alabama. Second, because it is undisputed that Whitehurst was on state parole when he committed the offenses for which he was convicted and sentenced in federal court, Whitehurst's interpretation of the sentencing court's oral statements would contradict Application Note 6 to U.S.S.G. § 5G3.1, which provides

> **6. Revocations.**  If the defendant was on federal or state probation, parole, or supervised release at the time of the instant offense, and has had such probation, parole, or supervised release revoked, the sentence for the instant offense should be imposed to run consecutively to the term imposed for the violation of probation, parole, or supervised release in order to provide an incremental penalty for the violation of probation, parole, or supervised release. . .

Third, even if Rios were binding authority on this court, it is inapposite in this case because the sentencing judge gave no specific instructions in imposing his 120-month federal sentence but, instead, expressly stated that his 120-month sentence was to be served consecutively to any prison time owed to the State of Texas or to the State of Alabama.  The oral statements of the sentencing judge on which Whitehurst bases his claim that the BOP

wrongfully failed to give him credit towards his federal sentence for the period from August 8, 1994, to December 21, 1995, indicate only that Whitehurst would receive credit for any time that he had spent in the primary jurisdiction, of federal as opposed to state authorities, as determined by the BOP.  See Miramontes v. Driver, 243 Fed. Appx. 855, 856 (5th Cir. 2007).  The sentencing judge never referred to § 561.3.

      (c)   Conclusions

For the reasons explained above, the court concludes that Whitehurst is not entitled to a writ of habeas corpus indicating that the duration of his imprisonment by the BOP was excessive because the BOP wrongfully forced him to serve his sentence without credit for the period from August 8, 1994, to December 21, 1995.[33]

### IV.  Petitioner's Motion to Amend

In his Motion Seeking Leave to File Amendment (Docket Entry No. 14), Whitehurst seeks leave to amend his application for writ of habeas corpus to add the period from September 8, 1993, through November 12, 1993, to the dates for which he seeks credit toward his federal sentence.  Whitehurst seeks to add these dates to his petition because

---

[33]While the court may not have addressed each of Whitehurst's arguments individually, the court's failure to expressly address a particular argument in this Memorandum Opinion and Order reflects the court's judgment that the argument lacked sufficient merit to warrant discussion.

-23-

> [i]n the response and motion for summary judgment the
> government's argument hinges on 18 U.S.C. § 3585(b), in
> which they give a break down of all the time periods they
> believe should be credited under § 3585(b).   In that
> break down in pertinent part they list September 8, 1993
> through September 9, 1993, and allege that these days
> were not credited towards any other sentence.
>
>      However, the official state documents show that
> credit started not September 10, 1993, but from
> November 13, 1993 through January 7, 1994.   Therefore,
> September 8, 1993 through November 12, 1993 were not
> credited towards the state sentence and should have been
> credited towards the federal sentence under § 3585(b).[34]

The Fifth Circuit recognizes that leave to amend shall be
freely granted when justice so requires, and that Rule 15 evinces
a bias in favor of granting leave to amend.  See Goldstein v. MCI
Worldcom, 340 F.3d 238, 254 (5th Cir. 2003) (citing Southern
Constructors Group, Inc. v. Dynalectric Co., 2 F.3d 606, 611 (5th
Cir. 1993)).  However, the Fifth Circuit has also stated that leave
to amend under Rule 15 is by no means automatic, and has upheld the
denial of leave to amend when the moving party engaged in undue
delay or attempted to present theories of recovery serially to the
district court.  Id. (citing Southern Constructors, 2 F.3d at 612).
The Supreme Court has sanctioned bad faith or dilatory motive,
repeated failure to cure deficiencies by amendments previously
allowed, undue prejudice to the opposing party by virtue of
allowance of the amendment, or futility of the amendment as
plausible reasons for a district court to deny a party's request

---

[34]Motion Seeking Leave to File Amendment, Docket Entry No. 14,
p. 1.

-24-

for leave to amend.  See Foman v. Davis, 83 S.Ct. 227 (1962).  The record before the court demonstrates that Whitehurst's motion for leave to amend should be denied as futile.

The declaration of Charley Valdez, a member of the state classification committee at the Texas Department of Corrections, establishes undisputedly that Whitehurst received credit toward his state sentence for the dates of September 8, 1993, through November 12, 1993.[35]  Whitehurst's argument that he did not receive credit for these dates toward his state sentence is based on the fact that Valdez's declaration was made on September 27, 2006, and on the fact that the respondent has failed to present any evidence that credit toward his state sentence for these dates was received prior to the date on which that sentence expired, i.e., January 5, 2003.[36]  Whitehurst's argument is without merit because Valdez states in his declaration that

> [o]n 3-18-97 the Parole Division sent the Classification and Records Office a corrected warrant to reflect an additional 497 days jail credit prior to 8-2-94.  This changed the in custody date from 8-2-94 to 3-20-93. . . This additional jail credit includes the time that the offender was in and out of custody from any other times

_____

[35]See Attachment L to Declaration of Duane King, Appendix attached to Government's Response to Application for Writ of Habeas Corpus and Motion for Summary Judgment, Docket Entry No. 9.

[36]See Part Two of Two of Petitioner's Motion in Opposition to the Government's Response & Motion for Summary Judgment, Docket Entry No. 16, and Attachment A to Affidavit of Anthony Whitehurst attached thereto.

-25-

that he was arrested on parole warrants and reinstatements.[37]

Moreover, Whitehurst does not dispute Valdez's explanation that

> [t]ime adjustments, due to parole warrants or corrected judgments from courts are a standard operational practice and procedure in the Classification and Records Office. The Parole Division-Warrants Section will make a determination of any additional jail credits and will forward that information to the Time Section of Classification and Records in Huntsville, Tx. Time Section Staff members will process these, along with any other corrected judgments, mandates, etc. received from county courts and make adjustments accordingly.[38]

Because Whitehurst fails to offer evidence from which a reasonable fact-finder could conclude that he did not receive credit toward his state sentence for the period from September 8, 1993, through November 12, 1993,[39] and because Whitehurst is not entitled to credit toward his federal sentence for time credited toward his state sentence, see Dovalina, 711 F.2d at 740, the court concludes that Whitehurst's motion for leave to amend his application for writ of habeas corpus to add these dates to those for which he claims the BOP wrongfully denied him credit toward his federal sentence would be futile. Accordingly, Whitehurst's motion for leave to amend will be denied.

---

[37]See Attachment L to Declaration of Duane King, Appendix attached to Government's Response to Application for Writ of Habeas Corpus and Motion for Summary Judgment, Docket Entry No. 9, first page.

[38]Id. at second page.

[39]Id.

## V.   <u>Conclusions and Order</u>

For the reasons set forth above, the Government's Motion for Summary Judgment (Docket Entry No. 9) is **GRANTED**, petitioner's Motion Seeking Leave to File Amendment (Docket Entry No. 14) is **DENIED**, and Whitehurst's Writ of Habeas Corpus (Docket Entry No. 1) is **DENIED**.

**SIGNED** at Houston, Texas, on this 1st day of April, 2009.

SIM LAKE
UNITED STATES DISTRICT JUDGE